# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEBRA CARPENTER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-391-STE |
| | ) |
| **ANDREW M. SAUL,** | ) |
| **Commissioner of the Social Security** | ) |
| **Administration,** | ) |
| | ) |
| Defendant. | ) |

## AMENDED MEMORANDUM ORDER & OPINION

Before the Court is Defendant Commissioner's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e).[1] (ECF No. 21). Ms. Carpenter has responded to the motion,[2] (ECF No. 22), and the Commissioner has replied. (ECF No. 23). The parties previously consented to magistrate judge jurisdiction over Ms. Carpenter's appeal of the Commissioner's unfavorable decision pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the motion is at issue. Based on the Court's review of the record, the Commissioner's motion, Ms. Carpenter's response and the Commissioner's reply, the Court **GRANTS** the Commissioner's Rule 59(e) motion and **AFFIRMS** the Commissioner's decision. Judgment reflecting the Court's alteration will be entered accordingly.

---

[1] "Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] Relying on *Van Skiver v. U.S.*, 952 F.2d 1241, 1242 (10th Cir. 1991) (Rule 59(e) motion to be filed within ten days of judgment), Ms. Carpenter argued that the Commissioner's Rule 59(e) motion was untimely as it was filed 28 days after entry of judgment. (ECF No. 22). Ms. Carpenter was, however, relying on a prior version of Rule 59(e). Rule 59(e) was amended in 2009 to allow a twenty-eight day period for filing such a motion. Defendant's motion was timely filed.

"Rule 59(e) motions may be granted when 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In this case, the Commissioner bases his Rule 59(e) motion on legal error.

The Commissioner is correct in his assertion that the Court committed legal error by improperly placing the burden of proving Plaintiff's RFC on the Commissioner and is also correct in its assertion that the Court's legal error affected the outcome.

Having carefully reviewed the rules and regulations governing social security appeals, the Court finds the Commissioner's argument to be meritorious; and further finds that the ALJ's decision was supported by substantial evidence and is free of legal error. Accordingly, the Rule 59(e) Motion to Alter or Amend Judgment is **GRANTED**, and judgment will be altered to reflect that this Court **AFFIRMS** the Commissioner's decision in this matter.[3]

ENTERED on April 21, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

---

[3] The filing of a Rule 59(e) motion within the 28-day period "suspends the finality of the original judgment" for purposes of an appeal. *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n. 10 (1984) (internal quotation marks and alterations omitted). Only the disposition of a Rule 59(e) motion "restores th[e] finality" of the original judgment, thus starting the 30-day appeal clock. *Id. See* Fed. R. App. P. 4(a)(4)(A)(iv) (A party's "time to file an appeal runs" from "the entry of the order disposing of the [Rule 59(e)] motion"); *See also Banister v. Davis*, 140 S. Ct. 1698, 1703–04 207 (2020).